98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of CLDC MANAGEMENT CORPORATION.
Clarence O. GESCHKE and Irene M. Geschke, Plaintiffs-Appellants,
v.
LA SALLE NATIONAL BANCORP, INC., Defendant-Appellee.
 No. 96-2499.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 20, 1996.[1]
Decided Oct. 1, 1996.
 
 Before POSNER, Chief Judge, and WOOD, Jr. and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Clarence and Irene Geschke, proceeding pro se during the latter stages of this lawsuit, lost their case when it was presented to a jury in the United States District Court for the Northern District of Illinois. The trial judge, John F. Grady, ultimately entered judgment on the jury verdict, and we affirmed his decision on appeal. In re CLDC Management Corp., 72 F.3d 1347 (7th Cir.1996).
 
 
 2
 Although the Geschkes eventually lost their case, they did pick up a few victories along the way, including a reversal, by this court, of a grant of summary judgment against them. Subsequently, on October 30, 1995, we reversed a district court order of May 28, 1993, which awarded the Geschkes only $1,837.40 as appellate costs pursuant to Rule 39(e) of the Federal Rules of Appellate Procedure. Our unpublished order of October 30 directed the district court on remand to determine how much of an additional claimed $2,035.60 should be awarded to the Geschkes for their mid-litigation triumph.
 
 
 3
 In response to our order the district court invited the parties to submit further materials on the dispute, and they responded. The major issue that developed, however, was the appropriate per-page charge to be assessed for making copies of papers transmitted to this court on the summary judgment appeal. The defendant said 10 cents a page was plenty, but the Geschkes asked for 30 cents a copy.
 
 
 4
 Eventually, Judge Grady settled on 10 cents a page (the Geschkes never proved they paid more) as fair and reasonable, and $1,064.23 was set. Judge Grady also ruled that the defendant was entitled to set off the costs it owed against costs the Geschkes owe to it. The Geschkes appeal these rulings, which we review for an abuse of discretion.
 
 
 5
 We will not further elongate this already extended litigation by entering an elaborate decision on the minor issue presented to us for review. We are satisfied that Judge Grady did not abuse his discretion in finding that 10 cents a page was a fair sum, especially when one considers that the copies could have been made at a cheaper commercial rate and the Geschkes presented no evidence tending to show what their reproduction costs per page actually were. Similarly, the offset order was more than fair. This litigation has already consumed more judicial resources than it warranted, and the offsetting of the costs made abundant good sense. And we find that this appeal of that solid decision borders on the frivolous. Accordingly, we affirm the decision of the trial court, award costs on this appeal to the defendant, and caution the Geschkes that monetary sanctions may be ordered against them if we see this case again. To avoid further litigation, we also note that the costs awarded today may be a further offset against any net sums that may be due the Geschkes from the defendant.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)